```
               IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

GABRIEL PITTMAN,              :
                              :
        Plaintiff             :
                              :
    v.                        :   CIVIL NO. 3:CV-17-443
                              :
PRESIDENT DONALD TRUMP, ET AL.,  :  (Judge Conaboy)
                              :
        Defendants            :

## MEMORANDUM
### Background

Gabriel Pittman initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale).[1] Plaintiff's action is accompanied by an in forma pauperis application.[2] For the reasons outlined below this matter will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Named as Defendants are President Donald Trump, Attorney General Jeff Sessions, the American Correctional Association, and multiple correctional officers at Plaintiff's former place of

---

[1] Plaintiff recently notified the Court that he was transferred to back to SCI-Houtzdale after being held at the Schuylkill County Prison, Pottsville, Pennsylvania. See Doc. 10.

[2] Pittman completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.

1

confinement the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy).³ Plaintiff alleges that he was subjected to unconstitutional conditions of confinement and excessive force while confined at SCI-Mahanoy on November 10, 2015. Specifically, Plaintiff states that on November 10, 2015 he initiated a protest in a prison dining room regarding the quality of food being served to the inmate population. Pittman admits that after refusing a correctional officer's repeated orders to leave the area an altercation ensued between the prisoner and correctional staff. Plaintiff asserts that after being restrained on the floor he was subjected to unwarranted physical abuse. Following the incident, Plaintiff claims that he was unjustly placed in solitary confinement for a period of approximately six (6) weeks which led to deterioration of his mental health.⁴ Finally, it is noted that the Complaint is dated March 7, 2017. See Doc. 1, p. 23.

## Discussion

---

³ The caption of the Complaint list those Defendants as being "MHI-Houtzdale" employees. Doc. 1, p. 1. However, the body of the Complaint clearly asserts that they are SCI-Mahanoy officials.

⁴ Plaintiff acknowledges that he has been diagnosed with a serious mental health illness. See Doc. 1, ¶ 11.

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

While incarcerated, Plaintiff previously initiated the following civil actions which were dismissed as frivolous: Pittman v. Martin, et al., Civil No. 13-5632, 2013 WL 5763250 (E.D. Pa. Oct. 24, 2013)(sua sponte dismissal under 28 U.S.C. § 1915(e);[5] Pittman v. Pennsylvania General Assembly, et al., Civil No. 14-7022 (E. D. Pa. Dec. 22, 2014)(sua sponte dismissal under § 1915(e)(2)(B)(i);[6] and Pittman v. President Clinton, et al., No. 3:15-1793,2015 WL 6406793 (M.D. Pa. Oct. 21, 2015) (dismissal by this Court on grounds that § 1983 complaint was frivolous). The dismissal of that action was likewise affirmed by the Third Circuit Court of Appeals. See Pittman v. President

---

[5] Following an appeal to the United States Court of Appeals for the Third Circuit, the § 1915 (e) dismissal was affirmed. See Pittman v. Martin, et al., 569 Fed. Appx. 89 (3d Cir. 2014).

[6] This dismissal under § 1915(e) was likewise affirmed by the Third Circuit Court of Appeals. See Pittman v. Pennsylvania General Assembly, et al., 642 Fed. Appx. 87 (3d Cir. 2016)

3

Clinton, et al., No. 16-3655, 2017 WL 383368 (3d Cir. 2017)

The determination of the applicability of § 1915(g) to the pending action is bolstered by Plaintiff's own admission in his pending complaint that he has accumulated three strikes. See Doc. 1, ¶ 11.

The unconstitutional conduct alleged in Pittman's latest action stemming from a November 10, 2015 at a different state correctional facility does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on March 7, 2017. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action primarily centers on alleged events which occurred approximately a year and a half earlier at a different correctional facility.

Plaintiff has admittedly had at least three prior actions dismissed as frivolous. Second, there is no indication that Pittman was at risk of serious physical injury when this action was filed. Based upon those considerations, this action will be dismissed under § 1915(g). An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MAY 6th, 2017

4