# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL PITTMAN,** | : | CIVIL ACTION NO. 3:17-CV-443 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **C.O. JEFFREY BANKS,** | : | |
| **CO. CHARLES BRENNAN,** | : | |
| **CO BRADLEY HERRON,** | : | |
| **CO WILLIAM SWIRE,** | : | |
| **CO PAUL PETERS, and** | : | |
| **CO SHAWN PETERS,** | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Gabriel Pittman, a Pennsylvania state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights regarding the alleged use of excessive force against him. (See Doc. 1). On March 31, 2020, the court granted summary judgment in defendants' favor as plaintiff had failed to exhaust his administrative remedies as to his excessive force claim and granted defendants' motion to strike plaintiff's cross-motion for summary judgment as untimely filed. (Docs. 43, 44). Plaintiff has since filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and (d), (Doc. 52), which defendants have opposed. (Doc. 53). Plaintiff has also filed a reply, which reiterates the arguments he makes in support of his motion. (Doc. 55). For the reasons that follow, the court will deny the motion.

In the motion, plaintiff seeks relief pursuant to Rule 60(b)(2), (4), (6), and 60(d). Specifically, plaintiff seeks for the court to deem his cross-motion for

summary judgment timely or to find that he has presented good cause for the untimely filing. In addition, plaintiff asks the court to hold that as a matter of first impression, the PLRA's exhaustion requirement is no longer in force. In support of his argument, plaintiff cites Murphy v. National Collegiate Athletic Ass'n, 584 U.S. ___, 138 S. Ct. 1461 (2018), which struck down the Professional and Amateur Sports Protection Act as a violation of the anticommandeering doctrine of the Tenth Amendment, as well as New York v. United States, 505 U.S. 144 (1992), and Printz v. United States, 521 U.S. 989 (1997). (Id. at 3). As plaintiff puts it, "42 U.S.C. § 1997e(a), on its face and as-applied, violates the Tenth Amendment by regulating State conduct, commandeering regulation of state officials, and regulating state governments' regulation of their citizens." (Id. at 6). Plaintiff also states that the administrative remedy process is so unclear that no ordinary prisoner can make sense of what it demands. (Id. at 9). Plaintiff's arguments are meritless.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides, in pertinent part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>                . . .
>
> (4)  the judgment is void;
>
>                . . .
>
> (6)  any other reason that justifies relief.

"A motion for relief under Rule 60(b) is directed to the sound discretion of the trial court." Pierce Assoc., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988). It may not, however, "be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010).

Plaintiff has failed to establish that he is entitled to relief from the court's prior order granting summary judgment in defendants' favor. First, as to plaintiff's request for relief pursuant to Rule 60(b)(2), plaintiff has failed to present newly discovered factual evidence that was unavailable when the court issued its prior ruling. In the motion, plaintiff cites the "adjudicative fact" of the Supreme Court's decision in Murphy v. National Collegiate Athletic Ass'n, 138 S. Ct. 1461 (2018). (Doc. 52 at 3). Murphy, however, was discoverable before the court's ruling in March 2020. In addition, plaintiff cites the "words of President Donald J. Trump," specifically those uttered during Covid-19 Task Force Briefings between March and April 2020, in which President Trump allegedly stated that the federal government is not a "shipping clerk, "delivery clerk," or "storage clerk" for the states and their citizens. (Doc. 52 at 5). These words lack any relevance to the rationale for the

3

court's disposition of plaintiff's excessive force claim and cannot provide a basis for relief from that judgment.

Second, plaintiff's general contention—that the PLRA's exhaustion requirement is unenforceable—fails as a matter of law regardless of whether it is brought pursuant to Rule 60(b)(4) or (6). First, the cases cited by plaintiff are wholly inapplicable to the enforceability of the PLRA's exhaustion requirement. Second, plaintiff's argument that the PLRA is an unenforceable law that compels state employees to act to enforce a federal law or regulatory program fails because the PLRA does not mandate any action on the part of state employees. Rather, the exhaustion component is a requirement that plaintiff and all prisoners must follow prior to initiating a federal civil rights lawsuit. See Coleman v. Bartlett, No. 10-CV-2772, 2013 WL 1180301, at *2 (N.D. Ala. Mar. 14, 2013) (concluding that exhaustion requirement of the PLRA does not violate the Tenth Amendment).[1] It is plaintiff who must act under the PLRA, and here, it is clear that plaintiff failed to act, which is why the court granted summary judgment in defendants' favor.

Finally, plaintiff's argument that the administrative grievance process was functionally unavailable to him lacks merit without regard to which subsection of Rule 60(b) his arguments are based on. As the court explained previously:

---

[1] The court notes that two other courts have determined that the PLRA's limits on a federal court's ability to hear claims regarding a state's private settlement agreements pursuant to 18 U.S.C. § 3626(c)(2) do not violate the Tenth Amendment. See Imprisoned Citizens Union v. Shapp, 11 F. Supp. 2d 586 n.17 (E.D. Pa. 1998); Green v. Peters, No. 71 C 1403, 1997 WL 769458, at *16 (N.D. Ill. Dec. 5, 1997). There is no authority for the proposition that the PLRA violates the Tenth Amendment.

4

> [T]he administrative remedy procedure is not so unclear as to be unavailable, because Plaintiff has utilized it before and Plaintiff submits no evidence that he had difficulty utilizing it. The directions in DC-ADM 804 are clear, and easy to read and follow. Finally, there are simply no facts that prison officials seek to thwart the use of the grievance system at SCI Mahanoy or other facilities.

(Doc. 43 at 13 (internal citations to the record omitted)). Plaintiff presents no new evidence or facts to support his motion for relief from judgment as to this issue, and it will be denied.

Plaintiff cites Rule 60(d)(1) in his arguments, which permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1). Relief under Rule 60(d)(1) in the nature of an independent action, however, is available "only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998) (considering independent action under former version of Rule 60(b) before Rule 60 was revised to add subsection (d), which now expressly provides for relief in an independent action). Plaintiff vaguely asserts that "Rule 60(b)(2), (4), and (6) relief, and/or Rule 60(d) independent action relief is further warranted in these circumstances because America made a promise to Plaintiff when enacting § 1983." (Doc. 52 at 11). To state the obvious, plaintiff's generalizations and platitudes do not demonstrate a "grave miscarriage of justice."

Finally, Plaintiff seeks relief from the court's judgment striking his cross-motion for summary judgment because it was untimely under the court's case management order and because plaintiff had failed to demonstrate good cause for

5

his untimely filing.  (See id. at 12).  Plaintiff asserts that he did not receive a copy of defendants' motion to strike, and he only discovered that the motion had been filed after he received the court's memorandum and order granting summary judgment and striking his cross-motion for summary judgment.  (Id.)  Plaintiff has presented no proof of this assertion other than a reference to the defendants' certificate of service on which he claims is an erroneous address. (See Doc. 43 at 9 n.9).  However, the address utilized by defendants is the same one utilized for prior filings which plaintiff clearly received by virtue of his responses thereto.  (See, e.g., Docs. 35, 38).  Accordingly, we reject this assertion.  Moreover, as the court stated in its memorandum, the reasons cited for granting defendants' motion for summary judgment would be precisely the same reasons for rejecting plaintiff's cross-motion for summary judgment had it been timely filed.  (Doc. 43 at 8 n.8).  Accordingly, plaintiff's argument regarding the motion to strike lacks merit and will be denied.

The court will deny plaintiff's motion for relief from judgment.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     June 8, 2021